IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY SEELY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:12-cv-493 |
| | § | Judge Sim Lake |
| BANK OF AMERICA, N.A. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FOR ADDITIONAL RELIEF**

Defendant Bank of America, N.A., through undersigned counsel and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order dismissing Plaintiff's Complaint with prejudice due to her failure to prosecute. For the reasons discussed below, Plaintiff's claims against Defendant should be dismissed in their entirety with prejudice.

## I. STATEMENT OF FACTS

On January 23, 2012, Plaintiff filed this lawsuit asserting claims for breach of contract and fraud. *(Dkt. No. 1.)* Defendant filed a timely answer, and discovery commenced pursuant to the Court's May 18, 2012, Docket Control Order. *(Dkt. No. 10).* On May 22, 2012 Defendant served on Plaintiff its First Set of Interrogatories and First Request for Production of Documents ("Discovery Requests"). Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's responses to the Discovery Requests were due on or before June 25, 2012. Plaintiff failed to respond by June 25.

On June 29, 2012, the undersigned counsel sent a letter and an e-mail message to Plaintiff's counsel, Jason Sweny, to inquire about the status of Plaintiff's overdue responses. *(See*

*Correspondence regarding overdue discovery responses, attached hereto as Ex. 1.)* Mr. Sweny did not respond to the inquiry.

On July 3, 2012, the undersigned counsel sent another e-mail message to Mr. Sweny to inquire again about the status of Plaintiff's overdue responses. *Id.* Mr. Sweny responded that Plaintiff's discovery responses would be delivered by Wednesday, July 11, 2012. *(Id.)* Plaintiff did not provide any responses on July 11.

On July 18, 2012, the undersigned counsel sent a third inquiry by letter and e-mail to Mr. Sweny regarding the status of Plaintiff's overdue responses and stated that, if Plaintiff failed to respond, Defendant would file a motion to compel. *(Id.)* Mr. Sweny did not respond.

Having not heard from Mr. Sweny, on July 27, 2012, Defendant filed a Motion to Compel responses to its Discovery Requests. *(Dkt. No. 11)*. Plaintiff failed to respond to the motion within 21 days of service as required by the local rules. *See* S.D. Tex L.R. 7.3.

On August 28, 2012, after realizing that Mr. Sweny was in violation of Local Rule 5 by failing to register for the Court's Electronic Filing System, the undersigned counsel notified the Court of this, and e-mailed, faxed, and mailed a copy of the Motion to Compel to Mr. Sweny. *(Dkt. No. 13.)* Defendant volunteered to permit Mr. Sweny an additional 21 days from the date of the letter, or until September 18, to respond to Defendant's Motion to Compel. *(Id.)*

Having still not heard from Mr. Sweny, on September 24, 2012, the undersigned counsel notified the Court of Plaintiff's failure to respond to its Motion to Compel. *(Dkt. No. 18.)* The undersigned counsel also sent a letter to Mr. Sweny (*via* U.S. mail and facsimile) explaining that the lack of communication from him since July made it appear as if Plaintiff had abandoned the case. The letter asked Mr. Sweeny to notify the undersigned counsel by 5:00 p.m. on Tuesday, September 25, 2012, whether Plaintiff intended to proceed with this lawsuit, and, if so, when

Plaintiff would provide her discovery responses, when she would be available for a deposition, and whether Plaintiff would consent to an extension of the October 26 dispositive motion deadline. *(See September 24, 2012 letter to Mr. Sweny, attached hereto as Ex. 2.)* The letter also requested that Defendant reserved the right to file a motion to dismiss for failure to prosecute if Mr. Sweny failed to provide a satisfactory response to the letter. *(Id.)*

As of the filing of this Motion, Mr. Sweny still has not responded to undersigned counsel's e-mails and letters regarding Plaintiff's overdue discovery response, Defendant's Motion to Compel, Defendant's request to extend the dispositive motion deadline, Defendant's request for deposition dates, or Defendant's inquiry as whether Plaintiff has abandoned the case.

## II. STATEMENT OF THE ISSUE

Whether Plaintiff's Complaint should be dismissed based on Plaintiff's utter disregard for her discovery obligations and the Court's local rules, and her refusal to prosecute her claims despite repeated inquiries from Defendant.

## III. STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a court to dismiss upon a defendant's motion as well as *sua sponte* "whenever necessary to achieve the orderly and expeditious disposition of cases." *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that the power to "invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts"). Dismissals under Rule 41(b) are reviewed for an abuse of discretion and will be affirmed "upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . .

and where lesser sanctions would not serve the best interest of justice." *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. Tex. 1987). The record here satisfies that standard.

**IV. ARGUMENT**

"In order to determine whether the circumstances justified a dismissal for want of prosecution, the reviewing court must examine the procedural history of the case and weigh the power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits." *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing *Lopez v. Aransas Cnty. Ind. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). Here, Plaintiff's pattern of failing or refusing to respond to Defendant and her failure or refusal to comply with the Court's local rules by responding to Defendant's Motion to Compel and subsequent notice filed with the Court demonstrates that Plaintiff no longer intends to pursue this case. Plaintiff's responses to discovery were due on June 25. As explained above, with the exception of one e-mail Mr. Sweny sent to undersigned counsel on July 3, Plaintiff has failed to respond to and has ignored Defendant's numerous letters, e-mails, and its Motion to Compel Plaintiff's discovery responses. *(Dkt. No. 18).* Plaintiff has failed or refused to respond to Defendant's Discovery Requests, Defendant's Motion to Compel, Defendant's request for deposition dates, and Defendant's inquiry regarding whether Plaintiff intended to proceed with the lawsuit, and if so, whether she would consent to an extension of the dispositive motion deadline. Plaintiff's contumacious conduct has caused undue delay, expense, and has prevented Defendant from obtaining any evidence to use in its defense. Accordingly, dismissal with prejudice is warranted as no other sanction would best serve the best interest of justice. *Thanedar v. Time Warner Communs. of Houston, LLP*, 227 F. App'x 385 (5th Cir. 2007) (affirming dismissal with prejudice for failure to prosecute in light of

plaintiff's "serially contumacious conduct"); *Beard*, 214 F. App'x at 462 (affirming dismissal with prejudice under Rule 41(b) based on the fact that plaintiff failed to comply with several court orders and warning that failure to timely comply could result in sanctions, including dismissal of his lawsuit); *Salinas*, 819 F.2d at 106 (affirming dismissal with prejudice under Rule 41(b) because of plaintiff's "pattern of delay" in light of repeated warnings by the court); *see also Woodson v. Surgitek*, 57 F.3d 1406, 1418 (5th Cir. 1995) (affirming that district court's decision to involuntarily dismiss action where sanctionable conduct was attributable to plaintiff's counsel).

In the event that the Court does not grant dismissal of this case, Defendant requests that the dispositive motion deadline, which is currently October 26, 2012, be reset to one month after the current discovery deadline of February 15, 2013 so that Defendant is not further prejudiced by Plaintiff's dilatory conduct. *(See Dkt. No. 10.)*

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice for failure to prosecute, but if not, that the Court extend the current dispositive motion deadline to March 15, 2013.

Respectfully submitted,

/s/ Brian Patterson
Brian Patterson
Texas Bar No. 24042974
Federal Bar No. 909785
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 571-9191
Facsimile: (713) 571-9652
bpatterson@mcguirewoods.com

Counsel for Bank of America, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that this 9th day of October, 2012, a copy of the foregoing Defendant's Motion to Dismiss for Failure to Prosecute and for Additional Relief was filed using the Court's ECF system and, because Plaintiff's counsel has not registered for ECF service, a copy was served by facsimile and United States Mail, postage prepaid, on:

Jason Sweny
2909 Hillcroft Avenue, Suite 350
Houston, Texas 77057
Fax: (713) 974-1181

/s/ Brian Patterson
Brian Patterson

42230733_4.DOC