IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY SEELY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. 4:12-cv-493 |
| § | Judge Sim Lake |
| BANK OF AMERICA, N.A. § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION FOR SANCTIONS AND RENEWED
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendant Bank of America, N.A., through undersigned counsel and pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order dismissing Plaintiff's Complaint with prejudice due to her failure to comply with the Court's November 6, 2012 Order and her continuing failure to prosecute. For the reasons discussed below, Plaintiff's claims against Defendant should be dismissed in their entirety with prejudice.

**I.    STATEMENT OF FACTS**

On January 23, 2012, Plaintiff filed this lawsuit asserting claims for breach of contract and fraud. (*Dkt. No. 1.*) Defendant filed a timely answer, and discovery commenced pursuant to the Court's May 18, 2012, Docket Control Order. (*Dkt. No. 10.*) On May 22, 2012, Defendant served on Plaintiff its First Set of Interrogatories and First Request for Production of Documents ("Discovery Requests"). Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's responses to the Discovery Requests were due on or before June 25, 2012. Plaintiff failed to respond by June 25.

On June 29, 2012, the undersigned counsel sent a letter and an e-mail message to Plaintiff's counsel, Jason Sweny, to inquire about the status of Plaintiff's overdue responses. (*See Correspondence regarding overdue discovery responses, attached hereto as Ex. 1.*) Mr. Sweny did not respond to the inquiry.

On July 3, 2012, the undersigned counsel sent another e-mail message to Mr. Sweny to inquire again about the status of Plaintiff's overdue responses. (*Id.*) Mr. Sweny responded that Plaintiff's discovery responses would be delivered by Wednesday, July 11, 2012. (*Id.*) Plaintiff did not provide any responses on July 11, and, to date this lone email is the only communication received from Mr. Sweny regarding Defendant's Discovery Requests.

On July 18, 2012, the undersigned counsel sent a third inquiry by letter and e-mail to Mr. Sweny regarding the status of Plaintiff's overdue responses and stated that if Plaintiff failed to respond, Defendant would file a motion to compel. (*Id.*) Mr. Sweny did not respond.

Having not heard from Mr. Sweny, on July 27, 2012, Defendant filed a Motion to Compel responses to its Discovery Requests. (*Dkt. No. 11.*) Plaintiff failed to respond to the motion within 21 days of service as required by the local rules. *See* S.D. Tex L.R. 7.3.

On August 28, 2012, after realizing that Mr. Sweny was in violation of Local Rule 5 by failing to register for the Court's Electronic Filing System, the undersigned counsel notified the Court of this, and e-mailed, faxed, and mailed a copy of the Motion to Compel to Mr. Sweny. (*Dkt. No. 13.*) Defendant volunteered to permit Plaintiff an additional 21 days from the date of the letter, or until September 18, to respond to Defendant's Motion to Compel. (*Id.*)

Having still not heard from Plaintiff, on September 24, 2012, the undersigned counsel notified the Court of Plaintiff's failure to respond to its Motion to Compel. (*Dkt. No. 18.*) The undersigned counsel also sent a letter to Mr. Sweny (*via* U.S. mail and facsimile) explaining that

2

the lack of communication from him since July made it appear as if Plaintiff had abandoned the case. The letter asked Mr. Sweny to notify the undersigned counsel by 5:00 p.m. on Tuesday, September 25, 2012, whether Plaintiff intended to proceed with this lawsuit, and, if so, when Plaintiff would provide her discovery responses, when she would be available for a deposition, and whether Plaintiff would consent to an extension of the October 26 dispositive motion deadline. (*See September 24, 2012 letter to Mr. Sweny, attached hereto as Ex. 2.*) The letter also requested that Defendant reserved the right to file a motion to dismiss for failure to prosecute if Mr. Sweny failed to provide a satisfactory response to the letter. (*Id.*)

On October 9, 2012, having received no response to undersigned counsel's e-mails and letters regarding Plaintiff's overdue discovery responses, Defendant's Motion to Compel, Defendant's request to extend the dispositive motion deadline, Defendant's request for deposition dates, or Defendant's inquiry as to whether Plaintiff has abandoned the case, Defendant filed a Motion to Dismiss For Failure to Prosecute and For Additional Relief. (*Dkt. No. 20.*) The deadline to respond to the motion was October 30, 2012, and Plaintiff failed to file any response.

On November 6, 2012, this Court issued an order granting Defendant's Motion to Compel. (*Dkt. No. 18.*) The Order required that Plaintiff answer Defendant's interrogatories, respond to Defendant's document requests, and pay Defendant $1,095 in attorney's fees and costs associated with its Motion to Compel by November 19, 2012. (*Id.*) In addition, the Order warned Plaintiff that failure to comply may result in additional sanctions, including dismissal of this action. (*Id.*) The November 19th deadline has passed, and to date Plaintiff has not complied with the Order or otherwise contacted Defendant about this matter.

## II. STATEMENT OF THE ISSUE

Whether Plaintiff's Complaint should be dismissed based on Plaintiff's utter disregard for her discovery obligations and the Court's local rules, her refusal to prosecute her claims despite repeated inquiries from Defendant, and her failure to comply with this Court's November 6, 2012 Order.

## III. STANDARD OF REVIEW

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide discovery, the court may issue further orders including dismissing the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). The rule "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order," and its decisions are reviewed for abuse of discretion. *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has explained that dismissal for violating a discovery order is appropriate when: "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; the violation is attributable to the client instead of the attorney; the misconduct substantially prejudices the opposing party; and a less drastic sanction would not substantially achieve the desired deterrent effect. *Id.* at 1380-81; *Chisesi v. Auto Club Family Ins. Co.*, 374 Fed. Appx. 475, 2010 U.S. App. LEXIS 4941, *3-4 (5th Cir. March 9, 2010).

Similarly, Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be dismissed for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a court to dismiss upon a defendant's motion as well as *sua sponte* "whenever necessary to achieve the orderly and expeditious disposition of cases." *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that the power to "invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts"). Dismissals under Rule 41(b) are reviewed for an abuse of discretion and will be affirmed "upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987).

## IV.   ARGUMENT

Since the commencement of discovery in this case, Plaintiff has failed to respond in any way to Defendant's written Discovery Requests, failed to respond to and has ignored Defendant's numerous letters, e-mails, and motions, and ignored this Court's November 6, 2012 Order that Plaintiff respond to Defendant's Discovery Requests. Plaintiff's refusal to comply with (or even respond in any way) to the Court's November 6, 2012 Order and pattern of failing to respond to Defendant without any explanation clearly demonstrates willfulness or bad faith, and that Plaintiff no longer intends to pursue this case. Plaintiff's contumacious conduct has denied Defendant discovery, prejudiced its ability to prepare its defense, and forced it to expend time and resources attempting to coerce discovery and to defend a lawsuit that Plaintiff apparently does not believe is valuable enough to pay any attention to. In addition, a lesser sanction was demonstrably ineffective given that Plaintiff's response to such lesser sanction – that is, the terms of the Court's November 6, 2012, Order – was to ignore it. Accordingly, dismissal with prejudice is warranted as no other sanction would best serve the best interest of justice. *See Drobot v. Officer T.I. Barnes*, Civil Action No. 3:10-cv-1656-K-BK, 2012 U.S. Dist. LEXIS 31208 (N. D. Tex. Feb. 16, 2012); *Liggins v. JPMorgan Chase Bank, N.A.*, Civil Action No. 2-12-cv-1871-N-BD, 2012 U.S. Dist. LEXIS 129317 (N.D. Tex. Aug. 16, 2012); *Chisesi*, 2010 U.S. App. LEXIS 4941 (affirming dismissal of the plaintiff's case with prejudice as a

sanction under Federal Rule 37(b)(2)); *Thanedar v. Time Warner Communs. of Houston, LLP*, 227 F. App'x 385 (5th Cir. 2007) (affirming dismissal with prejudice for failure to prosecute in light of plaintiff's "serially contumacious conduct"); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (affirming dismissal with prejudice under Rule 41(b) based on the fact that plaintiff failed to comply with several court orders and warning that failure to timely comply could result in sanctions, including dismissal of his lawsuit); *Salinas*, 819 F.2d at 106 (affirming dismissal with prejudice under Rule 41(b) because of plaintiff's "pattern of delay" in light of repeated warnings by the court). "The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,'" including "by dismissing a case as a sanction for a sanction for a party's failure to obey court orders." *Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) (affirming dismissal under the court's inherent power). In this case, regardless of who may be at fault for this conduct, dismissal is an appropriate remedy because "a party is bound by the acts of his attorney" and "'keeping the suit alive merely because plaintiff should not penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendants*.'" *Id.* at 1418 (citing and quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632-34 (1962)).

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice for failure to comply with the Court's November 6, 2012 Order and failure to prosecute and grant Defendant such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Brian Patterson
Brian Patterson
Texas Bar No. 24042974
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 571-9191
Facsimile: (713) 571-9652
bpatterson@mcguirewoods.com
**Counsel for Bank of America, N.A**

## CERTIFICATE OF SERVICE

I hereby certify that this 28th day of November, 2012, a copy of the foregoing Defendant's Second Motion to Dismiss for Failure to Prosecute was filed using the Court's ECF system and, because Plaintiff's counsel has not registered for ECF service, a copy was served by facsimile and United States Mail, postage prepaid, on:

Jason Sweny
2909 Hillcroft Avenue, Suite 350
Houston, Texas 77057
Fax: (713) 974-1181

/s/ Brian Patterson
Brian Patterson